**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ALVIN DARRELL SMITH,** | : | |
| **Petitioner** | : | |
| | : | **No. 1:20-cv-942** |
| **v.** | : | |
| | : | **(Judge Rambo)** |
| **UNIT MANAGER WHITE,** | : | |
| **Respondent** | : | |

## MEMORANDUM

On July 11, 2018, *pro se* Petitioner Alvin Darrell Smith ("Petitioner") initiated the above-captioned case while incarcerated at the United States Penitentiary Allenwood in White Deer, Pennsylvania ("USP Allenwood") by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C § 2254 in the United States District Court for the District of Columbia.  (Doc. No. 1.)  On September 20, 2018, Respondent filed a motion to transfer the matter to this Court for further proceedings. (Doc. No. 4.)  On September 28, 2018, the District of Columbia ordered Petitioner to show cause why his petition should not be transferred to this Court for further proceedings. (Doc. No. 5.)  On November 20, 2018, the District of Columbia noted that Petitioner's petition was properly construed as one brought pursuant to 28 U.S.C. § 2241 because Petitioner challenges the execution of his sentence and transferred the matter to this Court for further proceedings.  (Doc. No. 7.)

This Court did not receive the transfer until June 11, 2020.  In an Order dated June 12, 2020, the Court directed Respondent to show cause why Petitioner should

not receive the relief requested.  (Doc. No. 10.)  Respondent filed his response on June 25, 2020.  (Doc. No. 12.)  Petitioner has filed neither a traverse nor a motion seeking an extension of time to do so.  Accordingly, because the time period for filing a traverse has expired, Petitioner's § 2241 petition is ripe for disposition.

## I.     BACKGROUND

On March 15, 1994, the Superior Court for the District of Columbia sentenced Petitioner to a term of fifteen (15) years to life for second degree murder while armed, carrying a dangerous weapon, and possession of a prohibited weapon.  (Doc. No. 1 at 1.)  Petitioner is also serving a consecutive sentence of eighteen (18) months to six (6) years, imposed by the Superior Court for the District of Columbia on March 22, 1994, for taking indecent liberties with a child.  (Doc. No. 1-1 at 2); *see Smith v. U.S. Parole Comm'n*, No. 3:14-cv-597, 2018 WL 4929205, at *1 (M.D. Pa. Oct. 11, 2018).

In 2014, Petitioner filed a § 2241 petition in the United States District Court for the Eastern District of Pennsylvania "challenging the calculation of his sentence, denial of his parole application, as well as the validity of his conviction and sentence."  *Smith*, 2018 WL 4929205, at *1.  That court transferred the petition to this Court for further proceedings because Petitioner was incarcerated at USP Allenwood at the time.  *Id.*  Specifically, Petitioner argued that: (1) his judgment and commitment order were illegal because it was not a true bill; (2) he was entitled to

mandatory release/parole because the "commercial transaction" on the judgment and commitment order had been completed; (3) he was not awarded good time credits for completing institutional programs; (4) the Bureau of Prisons ("BOP") improperly calculated his parole eligibility date; and (5) he should have been granted parole in 2005. *Id.* at *1-4.

While that petition was pending before this Court, Petitioner filed the instant petition in the United States District Court for the District of Columbia.  (Doc. No. 1.)  In his petition, Petitioner raises the following claims for relief: (1) his sentence has been erroneously calculated by authorities who have misconstrued his sentence; (2) his method of release has been changed to parole or mandatory parole; (3) the BOP has denied him good time credit; and (4) the calculation of his sentence is incorrect.  (*Id.* at 5-10.)  Petitioner acknowledges that all claims for relief were presented to this Court in the § 2241 petition filed in 2014.  (*Id.* at 12.)  As relief, Petitioner requests the award of good time credits and immediate release because his judgment and commitment order is not "a true bill in commerce."  (*Id.* at 15.)

On October 11, 2018, this Court denied the § 2241 petition Petitioner filed in 2014.  *See Smith*, 2018 WL 4929205, at *6.  The Court concluded that: (1) Petitioner's contentions that his sentences are invalid or have fully expired were meritless; (2) Petitioner was not entitled to relief on his denial of parole claim; (3) Petitioner received all good time credits to which he was entitled; and (4) Petitioner

3

failed to exhaust his administrative remedies regarding his claims of improper sentence computation. *Id.* at *2-6. As noted *supra*, the District of Columbia ordered the above-captioned case transferred to this Court on November 20, 2018. (Doc. No. 7.) In doing so, the court noted that although Petitioner acknowledged that his petition "addresses certain issues previously raised . . . in the Middle District of Pennsylvania," one of the grounds may not have been adjudicated on the merits. (*Id.* at 5.)

## II. DISCUSSION

In response to Petitioner's § 2241 petition, Respondent maintains that: (1) this Court lacks jurisdiction and is not the correct venue; (2) the abuse of the writ doctrine bars Petitioner's claims; and (3) he cannot challenge the validity of his convictions and sentences in a § 2241 petition. (Doc. No. 12 at 4-10.) The Court considers each argument in turn.

### A. Jurisdiction and Venue

Respondent asserts that this Court lacks jurisdiction over Petitioner's claims and is the incorrect venue because Petitioner is now incarcerated at USP Victorville. (Doc. No. 12 at 4-6.) Respondent, therefore, maintains that this Court should transfer the § 2241 petition to the Western District of California. (*Id.*) As an initial matter, there is no such entity as the Western District of California. Presumably,

Respondent refers to the Central District of California, where USP Victorville is located.

"The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242). Therefore, "longstanding practice confirms that in habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held." *Id.* at 435. The Court disagrees, however, that Petitioner's transfer to USP Victorville divested it of jurisdiction over the § 2241 petition. That jurisdiction attached when Petitioner filed his petition in July of 2018. *See Kieffer v. Warden Allenwood LSCI*, 616 F. App'x 464, 466 n.1 (3d Cir. 2015). At that time, Petitioner was incarcerated at USP Allenwood, within this district. The Court, therefore, declines to dismiss Petitioner's § 2241 petition on the basis that it lacks jurisdiction. Moreover, the Court will not transfer the petition to the Central District of California because it is subject to dismissal for the reasons set forth below.

### B.    Abuse of the Writ Doctrine

"[T]he abuse of the writ doctrine precludes inmates from relitigating the same issues in subsequent petitions *or* from raising new issues that could have been raised in an earlier petition." *Boardley v. Grondolsky*, 343 F. App'x 837, 839-40 (3d Cir.

2009) (citing *McCleskey v. Zant*, 499 U.S. 467, 489 (1991)).  The doctrine is set forth

in part as follows:

> No circuit or district judge shall be required to entertain an application
> for a writ of habeas corpus to inquire into the detention of a person
> pursuant to a judgment of a court of the United States if it appears that
> the legality of such detention has been determined by a judge or court
> of the United States on a prior application for a writ of habeas corpus,
> except as provided in section 2255.

28 U.S.C. § 2244(a).  Section 2244 is applicable to § 2241 petitions.  *See Queen v.*

*Miner*, 530 F.3d 253, 255 (3d Cir. 2008); *see also Alden v. Warden, U.S. Penitentiary*

*Allenwood*, 444 F. App'x 514, 516 (3d Cir. 2001) (noting that the "abuse-of-the-writ

doctrine applies to section 2241 petitions; thus, a petitioner may nor raise new claims

that could have been resolved in a previous action").  The United States Court of

Appeals for the Third Circuit has stated:

> [A] court may grant controlling weight to a denial of a prior application
> for habeas corpus when three criteria are met: (1) the same ground
> presented in the successive application was determined adversely to the
> applicant on the previous application; (2) the previous determination
> was made on the merits; and (3) "the ends of justice" would not be
> served by reaching the merits of the subsequent application.

*Furnari v. U.S. Parole Comm'n*, 531 F.3d 241, 250 (3d Cir. 2008) (citing *Sanders*

*v. United States*, 373 U.S. 1, 9 (1963)).  "[O]nce the Government has made a claim

of abuse of the writ, the burden shifts to the petitioner to show that 'the ends of

justice' would be served by the court entertaining his petition, a showing that the

petitioner satisfies by supplementing his claim by making a 'colorable showing of

factual innocence.'" *Id.* at 251 (quoting *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986)).

Upon review of Petitioner's § 2241 petition, as well as Petitioner's prior proceedings in this Court, the Court concludes that the claims Petitioner now raises in his § 2241 petition are the same as those raised and denied by this Court in his previous § 2241 petition. *See Smith*, 2018 WL 4929205. Moreover, Petitioner has not demonstrated that the ends of justice would be served by the Court entertaining the claims raised in his § 2241 petition. *See Furnari*, 531 F.3d at 251. Petitioner's § 2241 petition, therefore, is subject to dismissal pursuant to the abuse of the writ doctrine. *See Boardley*, 343 F. App'x at 839-40.

## C.   Validity of Petitioner's Convictions and Sentences

Respondent notes further that Petitioner may be challenging the validity of his convictions and sentences in his § 2241 petition and that he is barred from doing so. (Doc. No. 12 at 7-10.) Section 23-110 of the D.C. Code states:

> A prisoner in custody under sentence of the Superior Court claiming the right to be released upon the ground that (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, [or] (4) the sentence is otherwise subject to collateral attack, may move the court to vacate, set aside or correct the sentence.

D.C. Code § 23-110(a). Section 23-110 also includes exclusivity language that renders the writ of habeas corpus unavailable to District of Columbia offenders

unless the local remedy is inadequate or ineffective.  *See id.* § 23-110(g); *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir. 1986); *see also Austin v. Miner*, 235 F. App'x 48, 50 (3d Cir. 2007).  Section 23-110(g) "divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to § 23-110(a)." *Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009).

The "determination as to whether the remedy available to a prisoner under § 23-110 is inadequate or ineffective hinges on the same considerations enabling federal prisoners to seek habeas relief: 28 U.S.C. § 2255 and D.C. Code § 23-110 are coextensive." *Wilson v. Office of Chairperson, D.C. Bd. of Parole*, 892 F. Supp. 277, 280 (D.D.C. 1995).  Section 23-110 is not inadequate or ineffective because the court considered the claim and denied relief.  *See id.*  Moreover, that remedy is not inadequate or ineffective to test the legality of detention because it prevents a petition from raising claims that are similar or identical to those previously raised and denied. *See Graham v. United States*, 895 A.2d 305, 306 (D.C. 2006).  "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative." *Garris*, 794 F.3d at 727.

To the extent Petitioner is challenging the legality and validity of his District of Columbia convictions and sentences, Petitioner has not met his burden of demonstrating that a motion under § 23-110 of the D.C. Code "is inadequate or ineffective to test the legality of [his] detention." *Austin*, 235 F. App'x at 50.

8

Petitioner's claims are not premised on any intervening change in substantive law that would negate the criminal nature of his conduct so that his conviction is no longer valid.  Thus, to the extent Petitioner challenges the validity of his convictions and sentences, this Court lacks jurisdiction to consider such claims pursuant to § 2241.

## III.    CONCLUSION

Based on the foregoing, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) will be dismissed.  Because Petitioner is in custody pursuant to a District of Columbia judgment, he is regarded as a state prisoner for habeas corpus purposes, and thus must obtain a certificate of appealability to pursue an appeal.  *See Wilson v. U.S. Parole Comm'n*, 652 F.3d 348, 352 (3d Cir. 2011).  Because Petitioner has not made a substantial showing of the violation of a constitutional right, this Court will not issue a certificate of appealability.  An appropriate Order follows.

s/ Sylvia H. Rambo
United States District Judge

Dated: July 23, 2020